FILED

MAY 1 1 2007

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

In re                              )   Case No. 07-20593-D-13L
                                   )   Docket Control No. [none]
CHAREL WINSTON,                    )
                                   )
            Debtor.                )
_____)

**MEMORANDUM DECISION ON**
**PEREMPTORY CHALLENGE/MOTION FOR DISQUALIFICATION**

**I. BACKGROUND**

On January 30, 2007 Charel Winston (the "debtor") initiated
the above Chapter 13 case.  Also on January 30, 2007, Lawrence J.
Loheit (the "Trustee") was appointed the Chapter 13 Trustee.  On
March 8, 2007 the Trustee filed a Motion to Dismiss (the "Motion to
Dismiss") the debtor's case.  The Motion to Dismiss is based, in
part, on the debtor's failure to obtain pre-petition credit
counseling, as required by section 109(h) of the Bankruptcy Code
(the "Code").

On March 23, 2007 the debtor filed opposition to the Motion to
Dismiss (the "Opposition").  The Opposition is based, in part, on
the debtor's assertion that she is disabled and pre-petition credit
counseling does not apply to her under section 109(h)(4) of the
Code.[1]  The Opposition was not served on the United States Trustee

_____

[1] Section 109(h)(4) of the Code provides: "The requirements
of  paragraph (1) shall not apply with respect to a debtor whom

1  (the "UST"), nor did the debtor motion the court to be exempt from

2  the credit counseling requirement of section 109(h) of the Code.

3  　　　On April 17, 2007, the debtor filed an Application to Seal

4  Medical Records (the "Application to Seal") requesting to have

5  certain medical records filed under "seal." The medical records are

6  filed in support of the Opposition.  The debtor did not serve the

7  Application to Seal on the UST, nor set the matter for hearing.

8  　　　On April 23, 2007, the debtor filed a pleading entitled

9  "Peremptory Challenge to Judge Robert S. Bardwil."  The court

10  construes the debtor's peremptory challenge as a motion to

11  disqualify the undersigned (the "Motion to Disqualify").  The

12  Motion to Disqualify is premised on two grounds.  First, the debtor

13  asserts she is disabled and entitled to certain accommodations

14  under the Americans with Disabilities Act of 1990.  Specifically,

15  the debtor asserts she should not be required to follow the court's

16  standard procedure for making telephone court appearances.  The

17  debtor asserts that as a result of her disability she should be

18  _____

19  　　　　　the court determines, after notice and hearing, is unable to

20  　　　　　complete those requirements because of incapacity, disability,

21  　　　　　or active military duty in a military combat zone.  For the

22  　　　　　purposes of this paragraph, incapacity means that the debtor is

23  　　　　　impaired by reason of mental illness or mental deficiency so

24  　　　　　that he is incapable of realizing and making rational decisions

25  　　　　　with respect to his financial responsibilities; and 'disability'

26  　　　　　means that the debtor is so physically impaired as to be unable,

27  　　　　　after reasonable effort, to participate in an in person,

28  　　　　　telephone, or Internet briefing required under paragraph (1)."

- 2 -

1  permitted to make telephone appearances without incurring the cost

2  of going through Court Conference (the "Telephone Accommodation").

3  The Motion to Disqualify assumes that the court denied the debtor's

4  request for the Telephone Accommodation.

5  / / /

6      Second, the Motion to Disqualify assumes that because the

7  Application to Seal was not immediately acted upon, that it was

8  denied.  The Motion to Disqualify then concludes that because the

9  court did not grant the debtor's request for the Telephone

10  Accommodation and did not immediately act upon the Application to

11  Seal, that the undersigned is biased and unable to be impartial

12  toward the debtor in this case.

13      On April 27, 2007 the court issued an order setting a hearing

14  on the Application to Seal and grants the debtor's request to keep

15  her medical records from being made public on an interim basis

16  until the hearing.  Also on April 27, 2007, the court issued an

17  order setting a hearing on the debtor's request for the Telephone

18  Accommodation and grants the request on an interim basis until the

19  hearing.

20                    **II. ANALYSIS**

21  A.   Legal Standards for Disqualification

22      This court has jurisdiction over the Motion pursuant to 28

23  U.S.C. sections 1334 and 157(b)(1).  The Motion is a core

24  proceeding under 28 U.S.C. section (b)(2)(A) & (O); In re Betts,

25  143 B.R. 1016, 1018 (Bankr. N.D. Ill. 1992).

26      "A bankruptcy judge shall be governed by 28 U.S.C. § 455, and

27  disqualified from presiding over the proceeding or contested matter

28  in which the disqualifying circumstance arises, or, if appropriate,

shall be disqualified from presiding over the case."  Fed. R. Bankr. P. 5004(a).

Section 455 of Title 28 provides in part as follows:

(a) Any justice, judge, or magistrate of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.

(b) He shall also disqualify himself in the following circumstances:

(1) Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding.

The Code of Conduct for United States Judges (the "Code of Conduct") mirrors the provisions of 28 U.S.C. § 455.  The Code of Conduct requires that "every judicial officer must satisfy himself that he is actually unbiased towards the parties in each case and that his impartiality is not reasonably subject to question." Bernard, 31 F.3d at 843.  Under this standard, the judge must not only be subjectively confident that he is unbiased; it is also objectively necessary that "an informed, rational, objective observer would not doubt his impartiality." Id. at 844, citing United States v. Winston, 613 F.2d 221, 222 (9th Cir. 1980). However, "to say that § 455(a) requires concern for appearances is not to say that it requires concern for mirages." United States v. El-Gabrowny, 844 F. Supp. 955, 961 (S.D.N.Y. 1994).  As such, recusal must be based on factors in the record and in the law.  Id. at 962.

Cases applying recusal statutes apply a presumption of impartiality. E.g. In re Larson, 43 F.3d 410, 414 (8th Cir. 1994) (judge presumed impartial; parties seeking recusal bear "substantial burden" of proving otherwise); First Interstate Bank

- 4 -

v. Murphy, Weir & Butler, 210 F.3d 983, 987 (9th Cir. 2000)

("Judicial impartiality is presumed"); In re Spirtos, 298 B.R. 425,

431 (Bankr. C.D. Cal. 2003) ("A judge is presumed to be qualified

to hear a matter and the burden is upon the moving party to prove

otherwise").

It is not a basis for disqualification that a party to a

proceeding disagrees with the court's ruling.  The cases are

uniform that a "judge's adverse rulings in the course of a judicial

proceeding almost never constitutes a valid basis for

disqualification based on bias or partiality."  12 James Wm. Moore,

Moore's Fed. Practice § 63.21(4), at 63-39 (3d. Ed. 2006) (citing

cases); see also Liteky, 510 U.S. at 554-55.

B.    Discussion

The debtor did not follow the proper procedure to bring her

request for the Telephone Accommodation before the court.  The

debtor contacted the courtroom deputy and asked to make a telephone

appearance without following the court's normal procedure.  The

courtroom deputy does not have the authority to allow for telephone

appearances if a party does not follow normal protocol.  The

request for the Telephone Accommodation should have been presented

to the court in a written motion. In order to consider the debtor's

request for the Telephone Accommodation, the court has noticed a

hearing on the request and granted the request in the interim.

In regard to the Application to Seal, the debtor failed to

serve the UST with the application or set the matter for hearing.

As a result, the Application to Seal was not immediately acted

upon.  Section 107 of the Code provides that documents filed in a

bankruptcy case are public record and open to examination.  The

1 court construes the Application to Seal as a request for a

2 protective order to keep the debtor's medical records from becoming

3 public record.  Accordingly, the court's order of April 27, 2007

4 sets a hearing on the Application to Seal and provides that the

5 debtor's medical records are sealed until the hearing.  The court

6 has deferred making a final ruling on the Application to Seal until

7 such time as parties in interest, including the UST, have been

8 given an opportunity to be heard.

9     The Motion to Disqualify is premised solely on the assumption

10 that the undersigned denied the debtor's request for the Telephone

11 Accommodation and the Application to Seal.  The assumptions

12 underlying the Motion to Disqualify are premature, as the court has

13 denied neither of these requests, but instead has set the matters

14 for hearing.  However, regardless as to what the court's final

15 ruling may be, an adverse ruling against the debtor is not a basis

16 for disqualification.

17     In summary, the undersigned is satisfied that he is actually

18 unbiased toward the debtor.  Further, the undersigned cannot

19 conclude that the grounds advanced by the debtor for

20 disqualification are such that would cause a reasonable person with

21 knowledge of the relevant facts to question the impartiality of the

22 undersigned.  Accordingly, the Motion to Disqualify will be denied.

23     A separate order will be entered consistent with this

24 memorandum decision.

25 Dated:  ____MAY 1 1 2007____        _Robert Bardwil_____

26                                     Robert S. Bardwil
                                       United States Bankruptcy Judge

27

28

- 6 -

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

CERTIFICATE OF MAILING

The undersigned deputy clerk in the office of the United
States Bankruptcy Court for the Eastern District of California
hereby certifies that a copy of the document to which this
certificate is attached was mailed today to the following
entities listed at the address shown on the attached list or
shown below.

| | | |
|---|---|---|
| Charel Winston<br>2000 Arroyo Vista Way<br>El Dorado Hills, CA 95762 | Lawrence J. Loheit<br>PO Box 1858<br>Sacramento, CA 95812-1858 | Office of the U.S. Trustee<br>501 I St #7-500<br>Sacramento CA 95814 |

DATED: 5/11/07                    By: _____
                                        Deputy Clerk

                                              R. Lopez

EDC 3-070 (New 4/21/00)