FILED

JUN - 6 2007

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

In re                              ) Case No. 07-20593-D-13L
                                   ) Docket Control No. NLE-1
CHAREL WINSTON,                    )
                                   )
          Debtor.                  ) DATE: May 29, 2007
_____) TIME: 11:30 a.m.

MEMORANDUM DECISION ON DEBTOR'S
REQUEST FOR WAIVER AND MOTION TO DISMISS

I. BACKGROUND

On January 30, 2007 Charel Winston (the "debtor") initiated the above Chapter 13 case. With her petition the debtor filed Exhibit D - Individual Statement of Compliance with Credit Counseling Requirement ("Exhibit D"). The debtor checked the box indicating that she received pre-petition credit counseling, from an agency approved by the United States Trustee (the "UST"), within 180 days before the filing of the case. Exhibit D requires the debtor to attach a copy of the certificate of credit counseling. The debtor failed to attach a certificate of credit counseling, but rather, attached a Certificate of Debtor Education (the "CDE").[1] The CDE indicates that on January 23, 2007 the debtor completed a

---

[1] Exhibit D also contains a specific box to check if a debtor asserts they are exempt from the pre-petition credit counsel requirement because of incapacity, disability, or active military duty pursuant to section 109(h)(4) of the Bankruptcy Code. The debtor did not check this box.

63

course on personal financial management given through the internet by A Better Financial Education, Inc.

On January 30, 2007, Lawrence J. Loheit (the "Trustee") was appointed the Chapter 13 Trustee. On March 8, 2007 the Trustee filed a Motion to Dismiss (the "Motion to Dismiss") the debtor's case. The Motion to Dismiss is based, in part, on the Trustee's assertion that the debtor is not eligible for bankruptcy relief because she failed to obtain pre-petition credit counseling, as required by section 109(h) of the Bankruptcy Code (the "Code").

On March 23, 2007 the debtor filed opposition to the Motion to Dismiss (the "Opposition"). The Opposition is based, in part, on the debtor's contention that she is disabled, and as a result of her disability the pre-petition credit counseling requirement does not apply to her. The Opposition was not served on the UST, nor did the debtor affirmatively request that the court determine she is exempt from pre-petition credit counseling under section 109(h)(4) of the Code.

On April 17, 2007, the debtor submitted to chambers a manilla envelope marked "Enclosed Record is Subject to Application to File the Records Under Seal." The envelope contained a pleading entitled "Petitioner's Declaration in Support of Her Opposition to Trustee's Motion to Dismiss." Attached to this declaration are three letters from doctors (two of which are unsigned), a statement of general instructions and a copy of a declaration filed in a State Court proceeding (the "Medical Records").[2] The Medical

---

[2] The court has granted the debtor's request to have the Medical Records filed under seal.

- 2 -

Records were filed to support the debtor's contention that she is disabled and exempt from the pre-petition credit counseling requirement. The court has reviewed the Medical Records. Notwithstanding the evidentiary defects and for the purpose of this Memorandum only, the court will consider the Medical Records.[3]

On April 27, 2007, the court issued an order setting a hearing on the debtor's request to have the credit counseling requirement waived pursuant to section 109(h)(4) of the Code (the "Request for Waiver"). The order allowed the debtor to supplement the record no later than May 11, 2007 and provided for opposition to the Request for Waiver to be filed no later than May 21, 2007. The court held a hearing on the Request for Waiver on May 29, 2007, and the matter was taken under submission.

## II. ANALYSIS

A. <u>Jurisdiction</u>

This court has jurisdiction over the Request for Waiver pursuant to 28 U.S.C. sections 1334 and 157(b)(1). The Request for Waiver is a core proceeding under 28 U.S.C. section 157(b)(2)(A).

B. <u>Legal Standard for Waiving the Pre-Petition Credit Counseling Requirement</u>

Section 109(h) of the Code provides in part as follows:

> "(1) Subject to paragraphs (2) and (3), and notwithstanding any other provisions of this section, an individual may not be a debtor under this title unless such individual has, during the 180-day period preceding the date of filing of the petition by such individual,

---

[3] The debtor has failed to lay a sufficient evidentiary foundation for the Medical Records. Two of the letters from doctors are not signed, and the Medical Records are hearsay statements.

received from an approved nonprofit budget and credit counseling agency described in section 111(a) an individual or group briefing (including a briefing conducted by telephone or on the Internet) that outlined the opportunities for available credit counseling and assisted such individual in performing a related budget analysis."

. . . .

"(4) The requirements of paragraph (1) shall not apply with respect to a debtor whom the court determines, after notice and hearing, is unable to complete those requirements because of incapacity, disability, or active military duty in a military combat zone. For the purposes of this paragraph, incapacity means that the debtor is impaired by reason of mental illness or mental deficiency so that he is incapable of realizing and making rational decisions with respect to his financial responsibilities; and 'disability' means that the debtor is so physically impaired as to be unable, after reasonable effort, to participate in an in person, telephone, or Internet briefing required under paragraph (1)."

Federal Rule of Bankruptcy Procedure 1007(b)(3) provides:

> Unless the United States Trustee has determined that the credit counseling requirement of § 109(h) does not apply in the district, an individual debtor must file a statement of compliance with the credit counseling requirement, prepared as prescribed by the appropriate Official Form which must include one of the following:
>
> (A) an attached certificate and debt repayment plan, if any required by § 521(b);
> (B) a statement that the debtor has received the credit counseling briefing required by § 109(h)(1) but does not have the certificate required by § 521(b);
> (C) a certification under § 109(h)(3); or
> (D) a request for a determination by the court under § 109(h)(4).

The certificate of creditor counseling and/or other documents required under paragraphs (A), (C), and (D) of Fed.R.Bankr.P. 1007(b)(3) shall be filed with the petition. *General Order 06-04* (E.D. Cal., September 28, 2006).

B.  Discussion

Fed.R.Bankr.P § 1007(b)(3)(d) requires a debtor asserting that they are exempt from the credit counseling requirement, to affirmatively request that the court make such a determination. This request is to be made at the time the petition is filed, and the request is to be made by way of a noticed hearing (11 U.S.C. § 109(h)(4)). The debtor has never requested that the court make this determination. Rather, the debtor raised the issue for the first time in her opposition to the Motion to Dismiss. The court then, on its own, set a hearing on the Request for Waiver.

A disability exemption under section 109(h)(4) requires a three-prong analysis. First, the court must decide whether the debtor is disabled. Second, the court must determine whether the debtor has made a reasonable effort, despite the impairment, to participate in pre-petition credit counseling. Third, the court must determine whether the debtor is unable, because of the disability, to meaningfully participate in an in-person, telephone, or internet pre-petition briefing. In re Tulper, 345 B.R. 322 (Dist. Col. 2006).

For the purpose of this Memorandum the court will accept the debtor's assertion that she is disabled. However, the analysis does not stop there. The debtor does not argue, nor has the debtor submitted any evidence to establish, that she made a reasonable effort to participate in pre-petition credit counseling. Further, the debtor does not argue, nor has the debtor submitted any evidence to establish, that her disability renders her unable to participate in an in-person, telephone, or internet briefing.
/ / /

On the contrary, the debtor has represented herself throughout this case, has filed numerous pleadings which are coherent and articulate, and has appeared before the court. The debtor has personally appeared at court hearings on at least three occasions and personally attended her Meeting of Creditors on March 1, 2007 (Docket Entry No. 19). The record also demonstrates that the debtor is quite capable of using the internet and telephone. To underscore the foregoing, the court notes that the debtor has requested to appear at court hearings telephonically and has appeared at hearings telephonically on numerous occasions.[4] The debtor's ability to use the internet is evidenced by her completion of a course on personal financial management through the internet. The court notes that the procedure for taking a pre-petition credit counseling course through the internet is very similar to the procedure for taking an internet course on personal financial management. The fact that the debtor completed the course on personal financial management through the internet makes it clear that she could have obtained pre-petition credit counseling through the internet.

When the debtor filed her case, she checked the box on Exhibit D indicting she had completed the course on credit counseling and then attached the CDE. The debtor never requested that the court determine she is exempt from the credit counsel requirement, but raised it for the first time in her opposition to the Motion to

---

[4] As a result of the debtor's asserted disability, she has requested that she be excused from having to go through the normal court procedures for telephone appearances. The court granted this request and allows the debtor to appear at hearings telephonically without incurring the cost of going through Court Conference.

Dismiss. This convincingly suggests that the debtor made a mistake and took the course on personal financial management as required by section 1328(g)(1) of the Code instead of the course on credit counseling required under section 109(h). Such a mistake is not a basis for permanent waiver of the credit counsel requirement under section 109(h)(4).

It is the debtor's burden to demonstrate that she has made a reasonable effort, despite her disability, to participate in pre-petition credit counseling, and that her disability renders her unable to meaningfully participate in a telephone or internet briefing. The debtor has submitted no evidence in either regard. The court finds that the debtor certainly could have obtained credit counseling over the telephone or internet.

Accordingly, the court finds that the debtor is not exempt from the credit counseling requirement under section 109(h)(4) of the Code and that she was required to obtain pre-petition credit counseling. The debtor did not obtain pre-petition credit counseling; and accordingly, she is not eligible for bankruptcy relief. Therefore, the Motion to Dismiss will be granted.

A separate order will be entered consistent with this memorandum decision.

Dated: JUN - 6 2007

Robert S. Bardwil
United States Bankruptcy Judge

Case 07-20593    Filed 06/06/07    Doc 63

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

CERTIFICATE OF MAILING

The undersigned deputy clerk in the office of the United States Bankruptcy Court for the Eastern District of California hereby certifies that a copy of the document to which this certificate is attached was mailed today to the following entities listed at the address shown on the attached list or shown below.

| | | |
|---|---|---|
| Charel Winston<br>2000 Arroyo Vista Way<br>El Dorado Hills, CA 95762 | Lawrence J. Loheit<br>PO Box 1858<br>Sacramento, CA 95812-1858 | Office of the U.S. Trustee<br>501 I St #7-500<br>Sacramento CA 95814 |

DATED: 6/6/07    By: _____
                        Deputy Clerk

EDC 3-070 (New 4/21/00)